UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERMAINE WHITFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>LEVI STRAUSS & CO.,<br><br>    Defendant. | Case No. 2:25-cv-01205-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 13, 14] |

Pending before the Court is Defendant's stipulated discovery plan and scheduling order. Docket No. 13. Also pending before the Court is Plaintiff's discovery plan and scheduling order, submitted without Defendant's agreement. Docket No. 14.

The discovery process is meant to be a cooperative endeavor, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), and is subject to an overriding limitation of good faith, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Those same requirements apply to the creation and submission of a joint discovery plan. *See* Local Rule 26-1(a). Parties are expected to comply with the Local Rules and **cooperate** with one another to create and submit a joint discovery plan and scheduling order.

Local Rule 26-1(a) states:
> Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order. The plan must be formatted to permit the plan, once the court approves it, to become the scheduling order required by Fed. R. Civ. P. 16(b). If the plan sets deadlines within those specified in LR 26-1(b), the plan must state on its face in bold type, "SUBMITTED IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are proposed, the plan must state on its face "SPECIAL SCHEDULING REVIEW REQUESTED." Plans requesting special scheduling review must include, in addition to the information required by Fed. R. Civ. P. 26(f) and LR 26-1(b), a statement of the reasons why longer or different time periods should apply to the case or, in cases in which the parties disagree on the form or contents of the discovery plan, a statement of each party's position on each point in dispute.

1

The instant filings do not adhere to the requirement that a single discovery plan be filed jointly. Docket Nos. 13, 14. Plaintiff appears to have signed Defendant's proposed discovery plan and scheduling order, Docket No. 13 at 7, and concurrently filed a contradictory proposed discovery plan and scheduling order of his own. *See* Docket No. 14. Again, Local Rule 26-1(a) clearly states that "in cases in which the parties disagree on the form or contents of the discovery plan," the plan should include "a statement of each party's position on each point in dispute."

Additionally, Local Rule 26-1(b) outlines requirements for the form of the stipulated discovery plan. Defendant's proposed discovery plan and scheduling order fails to provide calendar dates for the proposed deadlines, as required by LR 26-1(b)(1)-(4). Docket No. 13.

The parties are INSTRUCTED to adhere to the Federal Rules of Civil Procedure and the local rules in all filings with the Court. A joint discovery plan must be filed by September 3, 2025. Accordingly, the instant filings are DENIED without prejudice. Docket Nos. 13, 14.

IT IS SO ORDERED.

Dated: August 26, 2025

_____
Nancy J. Koppe
United States Magistrate Judge