UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jermaine Whitfield,<br>    Plaintiff,<br>v.<br>Levi Strauss & Co.,<br>    Defendant. | Case No. 2:25-cv-01205-CDS-NJK<br>**Order**<br>[Docket No. 18] |

Pending before the Court is the parties' stipulation to extend the deadline for Plaintiff to file his FLSA motion for notice to the collective. Docket No. 18.

The Court set the deadline to file the FLSA motion for notice to the collective to October 8, 2025. Docket No. 17. In the instant stipulation, filed on October 9, 2025, the parties seek to extend the deadline for Plaintiff to file the motion by one week. Docket No. 18.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

When a request for relief from case management deadlines is made after the deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3 ("A motion or stipulation to extend a discovery deadline or to reopen discovery must include … [t]he reasons why the deadline was not satisfied."). The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors courts may consider when evaluating excusable neglect include (1) the danger of prejudice to the non-

moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and, (4) whether the movant acted in good faith. *Id.*

In the instant filing, the parties submit merely that "the requested extension is sought in good faith and not for the purposes of undue delay." Docket No. 18. The filing fails to provide a single reason for filing the request after the deadline and fails to address the applicable standard.

Nonetheless, in the interest of deciding this case on its merits, and as a one-time courtesy to the parties, the Court **GRANTS** the stipulation and **EXTENDS** the deadline to file the motion for notice to the collective to October 15, 2025. Docket No. 18. The parties are **ORDERED** to comply with the Federal Rules of Civil Procedure and the local rules in all future filings to the Court.

IT IS SO ORDERED.

Dated: October 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge