UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERMAINE WHITFIELD,<br>    Plaintiff,<br>v.<br>LEVI STRAUSS & CO.,<br>    Defendant. | Case No. 2:25-cv-01205-CDS-NJK<br>**ORDER**<br>[Docket No. 23] |

Pending before the Court is Plaintiff's motion for leave to file a first amended complaint. Docket No. 23; *see also* Docket No. 23-1 (proposed first amended complaint). Defendant filed a response in opposition. Docket No. 25. Plaintiff filed a reply. Docket No. 29. The Court does not require a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

Plaintiff filed the original class and collective action complaint in Nevada state court. Docket Nos. 1, 1-2. Defendant removed the state court action to federal court, and subsequently filed a motion to dismiss. Docket Nos. 1, 4. Plaintiff now seeks leave to file a first amended complaint. Docket No. 23.

**II.   STANDARDS**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad

faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should not be permitted. *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022).

### III. ANALYSIS

In considering the enumerated Rule 15 factors, the Court is not persuaded that sufficient grounds exist to deny leave to amend. Defendant makes three arguments for why the Court should deny leave to amend, all of which essentially assert that amendment would be futile. First, Defendant submits that Plaintiff's request is without merit. *See* Docket No. 25 at 4-5. Defendant submits that amendment would have the practical effect of expanding the collective class, and that Plaintiff has offered no valid justification for doing so. *See id.* Second, Defendant contends that "the proposed amendments are without any factual support" for the expansion of the FLSA cause of action. *See id.* at 5-6. Third, Defendant submits that Plaintiff's proposed first amended complaint is subject to dismissal for failure to state a claim. *See id.* at 6.

Although futility can be a basis to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*, 342 F.R.D. at 346-47. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Court here declines to address futility arguments through the instant motion practice.[1] In short, the Court is not persuaded that leave to amend should be denied.

---

[1] Defendant is free, of course, to challenge the sufficiency of the amended complaint through appropriate motion practice after the amended complaint has been filed.

Case 2:25-cv-01205-CDS-NJK    Document 30    Filed 12/17/25    Page 3 of 3

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to amend is **GRANTED**. Docket No. 23. Plaintiff must promptly file and serve the amended complaint. *See* Local Rule 15-1(b).

IT IS SO ORDERED.

Dated: December 17, 2025

_____
Nancy J. Koppe
United States Magistrate Judge